UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _______________

LESLIE TAYLOR,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD. d/b/a ROYAL CARIBBEAN
GROUP,
Defendant.
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, LESLIE TAYLOR, ("Plaintiff"), sues the Defendant ROYAL CARIBBEAN CRUISES, LTD d/b/a ROYAL CARIBBEAN GROUP ("Defendant" or "RCCL"), and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff is a citizen of the state of Michigan.

2. Defendant, RCCL is a foreign entity with its principal place of business and worldwide headquarters in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181, and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Oasis of the Seas*.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant unilaterally inserts a forum clause into its cruise tickets that require its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

8. At all times material, the Defendant, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Oasis of the Seas.*

9. At all times material, Defendant owned, operated, managed, maintained, and/or controlled the subject vessel, *Oasis of the Seas.*

10. At all times material, the *Oasis of the Seas* was located in navigable waters.

11. The subject vessel is governed by regulations that provide safety standards for the design, layout, installation, and inspections of passenger-accessible spaces aboard the subject vessel, such as the toddler splash pad area, including but not limited to, the International Convention for the Safety of Life at Sea (SOLAS), the Internation Safety Management ("ISM") Code of the International Maritime Organization ("IMO"), and the Defendant's Safety Management System ("SMS"). Defendant is further aware of many industry standards pertaining to toddler/kids water parks and splash pad areas such as American Society for Testing and Materials ("ASTM"), Model Aquatic Health Code ("MAHC") and National Plunge Association ("NPA").

12. Upon information and belief, the Defendant, in compliance with the ISM, IMO, and/or SMS, and well established industry standards, established and approved internal standards for:

a. The design, layout, installation, and inspections of passenger-accessible flooring spaces aboard the subject vessel in various areas board its cruise vessels, including the subject area;

b. The use and selection of flooring materials for various areas board its ships, including the subject vessel and area. The internal standards included co-efficient of friction for walking surfaces used in heavily trafficked areas where there was a high risk of water being on the flooring. Upon information and belief, these internal standards were created and/or approved of by Defendant.

13. At all times material, Defendant is directly responsible for developing, maintaining, and/or insuring the various amenities available to its passengers at the Splash Zone designated for babies and toddlers.

14. At all times material, Defendant played an active role and participated in the design and

construction of the vessel and during refurbishments, including specifically the Splash Zone designated for babies and toddlers. This participation included but is not limited to overseeing and approving design plans though various dedicated departments including New Build, Global Marine Operations – Dry Docks, and/or Newbuild Solutions/New Building Revitalizations Department. Defendant further participates in the design, construction and approval by having shoreside employees present at the shipyards (i.e., Project Director, Superintendent, Manager) as well as shipboard crewmembers (i.e., Captain, Safety Officer) as well as various other crewmembers. Any of these aforementioned employees/crewmembers have the ability to request changes and modifications.

## **The Incident**

15. On or about November 7, 2025, the Plaintiff was a fare-paying passenger on the *Oasis of the Seas*.

16. On or about November 7, 2025, the Plaintiff was with her infant playing on deck 15 in the Splash Zone designated for babies and toddlers, when she slipped and fell on an unreasonably slippery and/or hazardous flooring condition. As a result, Plaintiff slipped, fell, and suffered serious personal injury.

17. The unreasonably hazardous and/or dangerous nature of the subject area was not open and obvious. There were no warning or cautions signs present that would have alerted the Plaintiff to the dangerous and hazardous conditions.

18. As a result of Defendant's negligence and failure to provide a reasonably safe place for her to walk, Plaintiff sustained serious, permanent, and debilitating injuries, including but not limited to, a wrist fracture and the subsequent development of Complex Regional Pain Syndrome.

**Duty of Care**

19. At all times material, it was the duty of the Defendant to provide the Plaintiff with reasonable care under the circumstances. This duty included providing Plaintiff with a reasonably safe area to walk in the Splash Zone designated for babies and toddlers on deck 15.

20. Alternatively, at all material times, Defendant, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings, including providing Plaintiff with a reasonably safe means to walk in the Splash Zone designated for babies and toddlers on deck 15.

**Defendant's Notice**

21. At all times material, Defendant knew or should have known that it was reasonably foreseeable for passengers to be injured while walking in the Splash Zone designated for babies and toddlers due to unreasonably, slippery, slick, and/or hazardous flooring conditions aboard Defendant's vessel, as occurred on the date of Plaintiff's incident.

22. Specifically, Defendant knew and/or should have known of the dangerous conditions posed by the unreasonably, slippery, slick, and/or hazardous flooring condition in the Splash Zone designated for babies and toddlers because the area was partially submerged in water and/or exposed to splashing and other moisture from pool use, creating an unreasonably slippery walking surface.

23. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be injured due to wet, slippery, and/or hazardous surfaces in the Splash Zone designated for babies and toddlers aboard Defendant's vessels, considering prior similar incidents

a. *Lorraine Busek v. Royal Caribbean Cruises Ltd.,* Case No.: 24-cv-22107: On or about

March 2, 2023, the plaintiff alleges she was severely injured while a passenger aboard the *Oasis of the Seas* when she slipped and fell in the Splash Zone designated for babies and toddlers on deck 15 due to an unreasonably slippery and/or hazardous flooring condition on the ground. This incident occurred in the same exact Splash Zone on the same exact ship as the Plaintiff's incident;

b. *Charles Lubliner v Royal Caribbean Cruises Ltd.,* Case No.: 24-cv-22079: On or about July 31, 2023, the plaintiff alleges he was severely injured while a passenger aboard the *Oasis of the Seas* when he slipped and fell in the Splash Zone designated for babies and toddlers on deck 15 due to an unreasonably slippery and/or hazardous flooring condition on the ground. This incident occurred in the same exact Splash Zone on the same exact ship as the Plaintiff's incident;

c. *Lisa Trentascoti v. Royal Caribbean Cruises Ltd.,* Case No.: 26-v-20623: On or about February 18, 2025, a 3 year old passenger was severely injured aboard the *Liberty of the Seas* when she slipped and fell in the Splash Zone designated for babies and toddlers due to an unreasonably slippery and/or hazardous flooring condition.

24. At all times material hereto, the prior incidents on Defendant's vessels suggest that Defendant knew or should have known that passengers could suffer severe injury due to wet, slippery, and/or hazardous conditions, including but not limited to slippery surfaces on the floor in the Splash Zone on deck 15.

25. Plaintiff is unable to presently determine all of the prior similar incidents which have occurred providing notice to the Defendant, because Defendant regularly resolves cases and requires confidentiality as part of settlements in order to shield the facts and circumstances of prior incidents from publicly available sources. Accordingly, Defendant is orchestrating and is actively

involved in concealment of prior incidents which may be substantially similar to the present incident, which may only be determined through discovery in litigation.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

26. Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-five (25) as though alleged originally herein.

27. At all times material hereto, it was the duty of the Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to be.

28. On or about November 7, 2025, Plaintiff was in the Splash Zone with her baby; which is place that Plaintiff was invited to by the Defendant and place Defendant reasonably expected Plaintiff to be in during the cruise, as all children are required to have a guardian present while in that subject area at all times.

29. On or about November 7, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

a. Failure to adequately warn the Plaintiff of the dangerous and/ or slippery condition(s) of the subject area;

b. Failure to adequately warn the Plaintiff of the risks and dangers associated with the dangerous and/or slippery condition(s) of the subject area;

c. Failure to adequately warn guests and the Plaintiff of the other slip and fall accidents previously occurring in the same area and/or flooring surface.

d. Failure to adequately warn the Plaintiff of the risks and dangers associated with the poorly designed subject area;

e. Failure to adequately warn the Plaintiff of the hazard(s) posed to her, due to improper

and inadequate, maintenance and/or inspection of the subject area;

f. Failure to post adequate and reasonable warnings or caution signs which would warn the Plaintiff and other passengers to stay clear of the area;

g. Failure to instruct guest and the Plaintiff concerning footwear;

h. Failure to have a non-slip or non-skid coverings on or around the subject area;

i. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to guests and the Plaintiff; and/or

j. Failure to adequately warn passengers, including the Plaintiff, that the splash pad area and aquatic play structures were not in compliance with industry standards, including but not limited to ASTM F2461.

30. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred had Defendant, its agents, servants, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

31. As a direct and proximate result of the negligence of Defendant Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, feelings of economic insecurity caused by disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraph one (1) through twenty-five (25) as though originally herein, and further states:

32. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. At all times material hereto, it was the duty of Defendant to maintain the subject area in a reasonably safe condition.

34. At all times material, it was the duty of Defendant to maintain the subject flooring in a reasonably safe condition.

35. On or about November 7, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

a. Failure to adequately maintain the subject area in a reasonably safe manner;

b. Failure to adequately maintain the subject area slip resistant materials and/or non-skid strips in the subject area and/or;

c. Failure to adequately inspect and monitor the subject area so that it could be used in a reasonably safe manner;

d. Failure to adequately inspect and monitor the subject area so that it would be free of dangerous and defective condition(s);

e. Failure to properly and adequately inspect the subject area for unsafe flooring conditions so that passengers, including Plaintiff, were reasonably safe aboard the vessel; and/or

f. Failing to adequately and regularly inspect and/or maintain the subject splash pad area and aquatic structures to ensure that they were in compliance with industry standards,

including but not limited to ASTM F2461.

36. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect and monitor the subject area.

37. At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

38. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff' s incident and failed to inspect and/or maintain the subject area. This knowledge was or should have been acquired through Defendant's set up, maintenance, and/or inspection.

39. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT III – GENERAL NEGLIGENCE AGAINST THE DEFENDANT**

Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraph one (1) through twenty-five (25) as though originally herein, and further states:

40. At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

41. On or about November 7, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

42. Plaintiff was injured due to the fault and/or negligence of Defendant, an/or its agents, servants and/or employees as follows:

a. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including plaintiff, had reasonably safe area to be in aboard the vessel;

b. Failure to utilize and provide reasonably safe flooring material, slip resistant materials, and/or non-skid strips so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

c. Failure to provide, use, and/or employ a reasonably safe means to facilitate passengers ability to play or walk in the subject area in a reasonably safe manner;

d. Failure to place adequate assistance to passengers in the subject area as to allow them to play and walk in the subject area in a reasonable safe manner;

e. Failure to place adequate markings, warnings, or signage on or around the subject area so passengers would not slip; and/or

f. Failure to comply with industry standards including but not limited to ASTM F2461.

43. The above and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have slipped and fell but for the above acts and/or omissions.

44. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.

45. As a direct and proximate cause of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered a personal injury, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: October 28, 2026

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/Jillian Blumenthal*
**Jillian Blumenthal**
Florida Bar No. 1036230
jblumenthal@lipcon.com